### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                    :

REINALDO DE PEDRO ORTIZ             :        CASE NO.06-00560(SEK)

    DEBTOR                          :        CHAPTER 13
---------------------------------

**FILED & ENTERED**

DEC 0 7 2007

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

### OPINION AND ORDER

The issue is whether we should reconsider the enforcement of our order to show cause whereby we converted this case to one under Chapter 7. For reasons that follow, we deny Debtor's motion.

### Background

On October 31, 2006, we ordered Debtor to show cause why the case should not be converted or dismissed, as he had been unable to obtain confirmation of a plan causing undue delay that was prejudicial to creditors. His third plan dated October 31, 2006, called for equal monthly payments of $300 each, plus a lump sum payment of $184,260.70 during the life of the 60 month plan, from the sale of two realties valued in schedule A at $100,000 and $200,000, respectively. He also mentioned that he needed to obtain the release from the PR Department of Treasury by submitting estate tax returns before noticing these sales in bankruptcy. Lastly, the plan stated the allowed secured claims filed by C.R.I.M. and PRAMCO, LLC would be paid at closing.

Debtor's amended schedules disclosed a 10% undivided interest in seven plots of land inherited upon his father's death, valued at $1,147,800. Two of these plots were to be sold in consummation of the plan.

2

The Centro de Recaudaciones de Ingresos Municipales, better known as C.R.I.M., filed three claims for the following aggregate amounts: (1)$110,198.05 secured (2) $43,590.39 gewneral unsecured. The claims registry also shows two unsecured priority claims for child support totaling $720.05, and an unsecured tax priority of $2,119.65 owed to the I.R.S.. PRAMCO, LLC holds two secured claims amounting to $181,213.64.

We scheduled a hearing on September 11, 2007, to once again consider the confirmation of a plan, together with an objection filed by PRAMCO, the order to show cause, two motions to dismiss and a motion for relief from stay. During that hearing, we stated that we were converting the case to Chapter 7 as debtor had been under the protection of the bankruptcy court since March 9, 2006, without: (1)obtaining confirmation of a plan (2) filing any motion to sell realty (3) providing evidence of any efforts taken to sell the realty (4) filing the estate tax returns nor obtaining a release from the PR Department of Treasury.[1] In short, there was no evidence of any steps taken to insure the plan would be feasible and could be confirmed. Debtor objected, expressing his position in writing on September 24, 2007.

### Discussion

11 U.S.C. § 1307(c)(1 & 5) allow the Court to dismiss or convert a case for the two reasons set forth in our order to show

---

[1] Hence, the motions to dismiss and objection to confirmation of the plan became moot. The Trustee shall review the motion for relief from stay and the adversary proceeding and determine the course action he will take on behalf of the estate.

3

cause. We have discretion to convert the case to Chapter 7 if it is in the best interest of creditors. Schedules reflect the liquidation of Debtor's interest in the inherited realty should suffice to pay all allowed claims in full. Hence, conversion and liquidation by a Trustee would best serve the interest of creditors under the circumstances of this case.

FRBP 9024 allows the Debtor to seek reconsideration of our order to convert based on reasons set forth in FRCP 60 (b) applicable to this contested matter.

Debtor has not cited Rule 9024 nor referred to FRCP 60(b) in his September 24th motion. The motion is limited to: (1) statements that the Debtor has been actively looking for buyers since October, 2006; (2) production of an ARPE permit which he claims allows him to sell one of the plots; (3) expressions that PR Treasury will produce the release needed for transferring title in the realty to the heirs, and consummating sales due to the outstanding debt for property taxes; (4) Debtor was in good faith mislead in some manner that is not clear from the pleadings; (5) Debtor was willing to sell another plot in order to fully satisfy PRAMCO; (6) the adversary proceeding to recover real property allegedly sold in violation of the automatic stay was filed, as his mother needs the rent produced by this commercial property to maintain their business.

The main stumbling block seems to be obtaining a release from PR Treasury. The Laws of Puerto Rico provide a remedy to this situation that may result in the transfer of title to the

4

heirs, sale and liquidation of the property taxes.[2] There is no evidence Debtor attempted to avail himself of this remedy, just as there is no evidence of any negotiation with the taxing authorities that might promote the sales proposed under the plan. In our view, Debtor has concentrated in recovering real property sold by PRAMCO LLC to collect its debt, rather than take any positive steps to obtain confirmation of this plan. Therefore, Debtor has failed to set forth any reason allowed by the cited Rule that would promote the reconsideration of our ruling entered in open court on September 11, 2007. His motion is denied.

**SO ORDERED**, in San Juan, Puerto Rico, on November 15, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge

---

[2] See 13 L.P.R.A. §9259 and Reglamento 6259 del Departamento de Hacienda del 29 de Diciembre de 2000.