IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                        :

REINALDO DE PEDRO ORTIZ        :      CASE NO.06-00560(SEK)

        DEBTOR                              :      CHAPTER 13

--------------------------------

**FILED & ENTERED**

MAR 2 4 2008

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

Debtor requests we reconsider our December 7, 2007 order, denying his September 24th motion, upholding our decision to convert this case to Chapter 7.  We deny the motion for reasons that follow.

"The federal courts have consistently stated that a motion ... which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b). ... The applicability of either rule depends upon the time the motion is served. If a motion is served within ten days of entry of order or judgment, it will usually fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." In re Pabón Rodriguez, 233 B.R. 212, 218-19 (Bankr. D.P.R. 1999).

Here, Debtor filed this motion five days after we ordered the conversion of his case.[1] Thus, our review is limited by the



---

[1]  We had initially considered Debtor's September 24th motion as one for reconsideration of our order converting the case given in open court during the September 11th hearing.  However, the transcript of that hearing shows we refrained from converting at that time, allowing Debtor time to reply to our observations.  He replied via the September 24th motion.  We denied the motion, as there was no evidence of steps taken to ensure the plan's feasibility by selling realties belonging to his deceased father's estate.  Debtor had been under bankruptcy protection

2

parameters of Rule 59(e).[2]

A successful Rule 59(e) motion should establish a manifest error of law or fact, or present newly discovered evidence. Landrau-Romero v. Banco Popular de P.R., 212 F.3d 607, 612 (1st Cir. 2000). This motion cannot be used to cure prior procedural defects, to offer new evidence, nor raise arguments that could and should have been presented originally to the court. Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). It should articulate and "must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision." In re Pabón Rodriguez, at 219.

Now Debtor merely mentions that he submitted letters of intention showing there are two persons interested in buying properties, and he recently requested the releases from the PR Department of Treasury which would allow the sale to go through. However, these allegations are not backed up by the record. The record reflects one letter of intention and there is no evidence of his filing the request for release with the PR Department of Treasury. Thus, in this motion, Debtor has failed to point out any issue of fact or law which would induce us to reverse our

---

since March of 2006. His father died in 2000. In short, Debtor seemed to be procrastinating rather than taking measures needed to produce funds for distribution promised under his plan. Thus, the instant motion is indeed a first motion to reconsider our order converting the case, and we have jurisdiction to resolve it under 11 U. S. C. §§ 1334 and 157.

[2] Rule 59(e) is applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9023.

3

decision, and has also failed to produce newly discovered evidence that would promote a change in our position.[3]

WHEREFORE, debtor's motion is denied.

**SO ORDERED**, in San Juan, Puerto Rico, on March 18, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge

---

[3] During the September 11th hearing we stated that, even though Debtor intends to sell certain realty belonging to his deceased father's estate, the record showed he had filed no motion for authority to sell real property and did not have the clearance issued by the PR Department of Treasury, even though his father had passed away in the year 2000.